UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARMEEN DENISE WASHINGTON,

               Plaintiff,

-against-

GREGORY MALZBERG, M.D., Mount Sinai Hospital,

               Defendant.

23-CV-9835 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Charmeen Denise Washington brings this action *pro se*. By order dated March 1, 2024, the Court granted Plaintiff request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim,

*pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Charmeen Denise Washington filed her complaint, invoking the court's federal question jurisdiction, and alleging that Defendant Dr. Gregory Malzberg, a doctor at Mount Sinai Hospital, violated "General Medicine / Medical Arts practice, Medical Entitlements and Full Investigation of Assault and harassment I endured."[1] (ECF No. 1 at 2.) Plaintiff alleged that from "11/2/2023 – 11/3/2023,"

> I called the police because I was stabbed in my mount with a sureng while sleep in my room 701 343 W. 44th Street, New York, N.Y. 10035 by Ebony. I was harassed with Death threats and Assalt threats By Ebony of 701. I went to Mount Sinai West to get a proper Check up and ditox if any biohazardous substance were put in the sureng and an X-ray or MRI to view my Airways if the Natural Air tubes were Broken Because it can lead to fluid build up around my muscles and organs of

---

[1] The Court quotes from the complaint verbatim. All capitalization, grammar, punctuation, and spelling are in the original unless otherwise indicated.

functioning. I was Denied all treatment in the Hospital and was not able to get to a safe haven.

(*Id.* at 5.)

In the section of the form complaint that asks Plaintiff to describe her injuries, Plaintiff writes, "Neglect." (*Id.* at 6.) Where asked Plaintiff to state the damages she seeks, Plaintiff writes, "50,000.00 for Neglect and Breach of Code of Honor." (*Id.*)

## DISCUSSION

### A.     Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . ..").

### 1.     Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claim must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

3

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, without pleading any facts demonstrating that the claim has a basis in federal law, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff does not allege any facts demonstrating a viable federal claim. Her allegations of medical neglect and malpractice arise under state law, and thus, the Court does not have federal question jurisdiction of Plaintiff's claim.

### 2. Diversity of Citizenship Jurisdiction

The federal court does not have jurisdiction of Plaintiff's state law claims of neglect and medical malpractice unless she can show diversity of citizenship. To establish diversity of citizenship jurisdiction, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and Defendant reside in New York, precluding complete diversity of citizenship.

Because, as explained above, Plaintiff does not allege a valid federal claim, this court can exercise jurisdiction of Plaintiff's state law claim against Defendant only if it possesses diversity of citizenship jurisdiction. Because Plaintiff has provided information indicating that both parties are from New York, the parties are not diverse. Accordingly, the Court does not have such jurisdiction of the claim.

**B.      Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has not pleaded any facts suggesting that there is any basis for this Court to exercise subject matter jurisdiction of Plaintiff's claims, the Court t declines to grant Plaintiff leave to amend her complaint.

**C.      Litigation History**

After previously warning Plaintiff that the further filing of cases of which the court lacked subject matter jurisdiction may result in an order barring her from filing new actions IFP in this court without prior leave of court, on January 16, 2024, the Court directed Plaintiff, within 30 days, to show cause by declaration, why she should not be barred from filing further actions IFP in this court without prior permission. *Washington v. Prof'l Claims Bureau*, ECF 1:23-CV-9592, 4 (S.D.N.Y. Jan. 16, 2024). Plaintiff did not file a declaration, and on March 4, 2024, the Court barred Plaintiff from filing any future civil action in this court IFP without first obtaining leave to file. *Id.*, ECF No. 5. This action was filed before the bar order was issued.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction.[2] *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] The Court's dismissal of this action does not preclude Plaintiff from pursuing her claims against Defendant in the appropriate state court.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: June 10, 2024
       New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge